DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12CV177-RLV
(5:03CR51-RLV-DCK-1)

| | |
|---|---|
| ALVIN DWIGHT FAIR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, or for alternative relief under 28 U.S.C. § 2441, or under the writs of coram nobis or audita querela, (Doc. No. 3), on the Government's Response in Support of the Motion to Vacate, (Doc. No 5), and on the Government's Motion for Extension of Time to File Response, (Doc No. 6). Petitioner is represented by Ross Richardson of the Federal Defenders of Western North Carolina.

I.  **BACKGROUND**

Petitioner Alvin Dwight Fair was indicted on November 18, 2003, and charged with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Count One); four counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (Counts Four, Seven, Eight, and Eleven); using and carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. §§ 924(c) (Count Nine); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) (Count Ten). (Criminal Case No. 5:03cr51-RLV-DCK-1, Doc. No. 3: Sealed Indictment). On the same

1

day Petitioner was indicted, the Government filed an information in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties based on Petitioner's prior convictions for drug-trafficking offenses. (Id., Doc. No. 4: 851 Information). When Petitioner was arrested, he had previously been convicted in the Superior Court of Lincoln County, North Carolina of felony possession of cocaine, a Class I felony, for which he received a sentence of six to eight months based on his prior record level of II, and of possession of cocaine with intent to sell and deliver, for which he also received a sentence of six to eight months in prison based on his prior record level of II. See (Doc. Nos. 3-1; 3-2). Petitioner was ultimately tried and convicted by a jury of all but one of the substantive drug-trafficking offenses (Count Four) charged by the grand jury. (Criminal Case No. 5:03cr51-RLV-DCK-1, Doc. No. 83: Jury Verdict).

In preparation for Petitioner's sentencing hearing, the probation office completed a Presentence Report ("PSR"), in which the probation officer calculated a total offense level of 34 and a criminal history category of IV, yielding an applicable Sentencing Guidelines range of imprisonment of between 210 and 262 months as to the drug-trafficking and § 922(g)(1) firearm offenses. (Id., Doc. No. 129 at 6-7; 16-17: PSR). With respect to the § 924 offense, the probation officer noted that Petitioner was subject to a mandatory minimum term of five years in prison, to be served consecutively to his sentence on any other count. (Id. at 17). The probation officer also noted that Petitioner faced a statutory mandatory minimum of 240 months in prison as to the drug-trafficking conspiracy offense (Count One), a statutory mandatory minimum of 120 months in prison as to the substantive drug-trafficking offenses (Counts Seven, Eight, and Eleven), and a statutory maximum of 120 months as to the felon-in-possession offense. (Id. at 16-17).

This Court ultimately sentenced Petitioner to 240 months in prison as to the drug-trafficking conspiracy offense (Count One), to 120 months as to each of the substantive drug-trafficking and felon-in-possession offenses (Counts Seven, Eight, Ten, and Eleven), to run concurrently, and to 60 months in prison as to the § 924(c) firearm offense (Count Nine), to be served consecutively, for a total of 300 months in prison, entering its judgment on September 27, 2006. (Id., Doc. No. 122: Judgment). Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment on August 29, 2007. United States v. Fair, 246 Fed. App'x 238 (4th Cir. 2007). The Fourth Circuit entered its mandate on September 20, 2007, and Petitioner did not file a petition for writ of certiorari.

Petitioner filed the instant motion to vacate on November 16, 2012. In the motion to vacate, Petitioner argues that, in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), this Court should vacate his § 922(g)(1) conviction and resentence him as to his drug-trafficking counts, arguing that none of his prior convictions qualified as predicate convictions for purposes of § 922(g)(1) or 21 U.S.C. §§ 841 and 851, because he could not have received a sentence of more than one year in prison for any of those convictions.

On December 2, 2013, this Court issued an order directing the Government to respond to Petitioner's motion. On February 4, 2014, the Government filed its response. In its response, the Government waives the statute of limitations ordinarily applicable to motions to vacate filed under § 2255 and recommends that this Court grant Petitioner's motion to vacate his § 922(g)(1) conviction and that this Court re-sentence Petitioner as to his drug-trafficking convictions.

**II.      STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts

are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

**A. The Government's Waiver of the One-Year Limitations Period**

Ordinarily, a Section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion was filed more than one year after the judgment against him became final, and it is therefore untimely. The Government has, however, waived the one-year limitations period so the Court can address the motion to vacate on the merits.

**B. Petitioner's Section 922(g)(1) Conviction**

Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). Interpreting nearly identical language, the Fourth Circuit held in Simmons that an offense is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under § 922(g)(1), a predicate conviction is not "punishable for a term exceeding one

4

year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.[1]

The Government notes that Petitioner's most serious prior conviction was a Class H felony for which, with a prior record level of II, he could not have received a sentence of more than 10 months under North Carolina's Structured Sentencing Act. See (Doc. No. 5 at 7). Thus, Petitioner does not have a prior conviction for an offense that was punishable by more than one year in prison. As such, the Government states that it concedes that, although Jones and Harp were still good law when this Court sentenced Petitioner, because Petitioner was convicted under Section 922(g)(1) based on a crime that did not qualify as a predicate felony under Simmons, he is entitled to have the Section 922(g)(1) conviction vacated. This Court agrees and finds that Petitioner is entitled to have his Section 922(g)(1) conviction vacated.

### C. Sentencing Enhancements on Petitioner's Drug-Trafficking Convictions Based on Prior Convictions

Next, as to Petitioner's sentencing enhancements, Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

---

[1] On August 21, 2013, the Fourth Circuit Court of Appeals held that Simmons is retroactive to cases on collateral review. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

5

As the Government notes, Petitioner's sentence was enhanced based on prior state court convictions for which Petitioner could not have received more than one year in prison under the North Carolina Structured Sentencing Act. The Government notes that, with respect to Petitioner's claim for relief in this collateral proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. The Government states that this Court entered sentences as to Counts One, Seven, Eight, and Eleven based on mandatory minimum terms of imprisonment that did not apply. The Government states that because the application of those mandatory minimum sentences deprived this Court of discretion to impose a sentence lower than it imposed, Petitioner's 300-month sentence was a violation of the due process clause as established in Hicks. Accordingly, the Government submits that Petitioner is entitled to a new sentencing hearing without application of the statutory mandatory minimum sentences as to Counts One, Seven, Eight, and Eleven. (Doc. No. 5 at 8-9).

This Court finds that, in light of the Government's waiver of the one-year limitations period, Petitioner is entitled to relief as to his Simmons claims. Thus, this Court will grant the motion to vacate, and Petitioner shall be resentenced without application of the statutory mandatory minimums of 120 months as to Counts Seven, Eight, and Eleven, or the mandatory minimum of 240 months as to Count One. Furthermore, the Court will vacate the § 922(g) conviction.

### IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate. The Court will vacate the § 922(g) conviction, and the Court will resentence Petitioner as set forth in this Order.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2) Petitioner's conviction under 18 U.S.C. § 922(g) is hereby **VACATED**.

(3) Petitioner shall be resentenced in accordance with this Order.

(4) The Government's Motion for Extension of Time to File, (Doc. No. 6), is **GRANTED** nunc pro tunc.

Signed: June 24, 2014

Richard L. Voorhees
United States District Judge

7